IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:23-cv-298-ECM |
| | ) (WO) |
| MIDLAND CITY HOUSING | ) |
| AUTHORITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On May 4, 2023, the Plaintiff filed a complaint against Midland City Housing Authority, United States Magistrate Judge Kelly Fitzgerald Pate, and Attorney Ray T. Kennington. She also filed a motion to proceed *in forma pauperis*. (Doc. 2). Upon consideration of the motion to proceed *in forma pauperis*, it is

ORDERED that the motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

In this action, the Plaintiff alleges that Judge Pate improperly allowed Attorney Kennington to file a late answer to her complaint in *Nails v. Midland City Housing Authority*, 1:21-cv-202-RAH (M.D. Ala, Feb. 1, 2023), resulting in the dismissal of that action. She seeks damages in the amount of $500,000.00 from each defendant. She does not seek declaratory or injunctive relief. (Doc. 1 at 2).

## DISCUSSION

When a litigant is allowed to proceed *in forma pauperis*, the Court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Upon review of the Complaint, the Court concludes that dismissal of this case is proper under 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B)(i) and (iii) requires the Court to dismiss the case when the Court determines that the action is "frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Id*. at 325. An action is also frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). A district court may conclude a claim has little or no chance of success when it determines that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke*, 490 U.S. at 327. Pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii), the Court may also dismiss a *pro se* complaint if the claims fail to state a claim on which relief may be granted.

Rather than interpret what the Plaintiff says in her complaint, the Court will quote from it.

> Defendant Midland City Housing Authority, Judge Kelly Fitzgerald Pate, and Attorney Ray T. Kennington representing the Defendant (sic) attorney filed the defendant untimely answer. Judge Kelly Fitzgerald Pate allowed the late answer to a dismissal. The Defendant has shown bias discrimination against the Plaintiff and with the understanding of the court rules: (sic).

(Doc. 1).

In *Nails v. Midland City Housing Authority*, , the Plaintiff alleged that she was the victim of housing discrimination by Defendant Midland City Housing Authority. *See* 1:21-cv-202-RAH (M.D. Ala, Feb. 1, 2023) (Doc. 1). The Magistrate Judge, Judge Pate, granted the Plaintiff's motion to proceed *in forma pauperis* and then stayed the case pending review of the complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 8). Judge Pate subsequently lifted the stay (doc. 10) and ordered the Clerk of the Court to attempt to effectuate service on the Defendant. (Doc. 13). The Defendant was served on April 21, 2023. (Doc. 15). On May 31, 2023, the Court ordered the Plaintiff to show cause why this case should not be dismissed for want of prosecution. (Doc. 16). In response to the Court's order, the Plaintiff filed a motion for entry of default and motion for default judgment on June 13, 2023. (Doc. 17). On June 21, 2023, the Defendant filed a motion to dismiss. (Doc. 20). On July 28, 2022, the Magistrate Judge denied the Plaintiff's motion for entry

3

of default and motion for default judgment, construed the Defendant's motion to dismiss as a motion for more definite statement, and ordered the Plaintiff to file an amended complaint. (Doc. 22). Before the Plaintiff filed an amended complaint, she filed two more motions for default judgment (docs. 23 and 25) which were denied by Judge Pate. (Doc. 26).

On September 9, 2023, the Plaintiff filed an amended complaint and a motion for default (doc. 31) and a motion for the Clerk and the Court to complete forms submitted by her. (Docs. 32 and 33). On October 14, 2023, the Magistrate Judge ordered the Defendant to file an answer or responsive pleading and denied the Plaintiff's motions for default. (Doc. 34). On October 28, 2023, the Defendant filed a motion to dismiss. (Doc. 35). After the motion to dismiss was fully briefed, the Magistrate Judge recommended that the Defendant's motion to dismiss be granted. (Doc. 43). The Plaintiff filed objections to the Recommendation (doc. 44) which were overruled by the District Judge. (Doc. 45). Final judgment was entered on February 1, 2023. (Doc. 46).

This case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because the Plaintiff seeks relief from the dismissal of her prior action. Without commenting on the merits or lack thereof of any of the Plaintiff's claims, the path for challenging rulings or official court actions is an appeal to an appropriate court. Thus, the Plaintiff's dispute with any orders entered in her previous case does not state a cognizable federal claim. Her sole remedy for her dissatisfaction with rulings in prior litigation is to seek further relief by timely and properly pursuing an appeal of those rulings to the appropriate court. The

Plaintiff did not take an appeal in *Nails v. Midland Housing Authority*, 1:21-cv-202-RAH (M.D. Ala, Feb. 1, 2023), and this action is not a substitute for an appeal.  Because it is clear that the Plaintiff cannot cure this pleading defect, her claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as the claims are based on an indisputably meritless legal theory.  *See Nietzke*, 490 U.S. at 327.

Furthermore, any claims against Judge Pate are based on an indisputably meritless legal basis because Judge Pate is entitled to absolute immunity.[1]  The law is well established that a judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority.  *Forrester v. White*, 484 U. S. 219, 227–29 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978).  The Plaintiff's allegations against defendant Pate clearly implicate actions taken in her judicial capacity for which she is entitled to absolute immunity.  Accordingly, the Plaintiff's claims against Judge Pate are "based on an indisputably meritless legal theory," and she is therefore due to be dismissed as a defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke*, 490 U.S. at 327.

As set out above, the Court concludes that the Plaintiff's claims in this action: (1) are frivolous; (2) fail to state a claim on which relief may be granted; and (3) seek monetary relief against a defendant who is immune from such relief.  Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such claims.  *See* 28 U.S.C. §

---

[1] The undersigned will not recuse herself merely because the Plaintiff has sued Judge Pate.  The Plaintiff is a frequent *pro se* litigant in this Court.  As of the date of this Memorandum Opinion and Order, the Plaintiff has filed at least sixty-eight actions in this Court.  The Court will not allow the Plaintiff to control the assignment of judges by filing a non-meritorious lawsuit against a judge who rules against her.

1915(e)(2)(B) (providing that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious").

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Plaintiff's complaint is DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

DONE this 11th day of May, 2023.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE